UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DENISE PAYNE, individually,

    Plaintiff,

v.

Case No.: _____

EL BODEGÓN GROCERY INC., d/b/a
SUPERMERCADOS EL BODEGÓN
GROCERY, a Florida corporation; and,
MONIQUE'S FASHION, INC., a Florida
corporation,

    Defendants.
_____/

## **COMPLAINT**
(*injunctive relief demanded*)

Plaintiff, DENISE PAYNE, individually (sometimes referred to as **"Plaintiff"**), on her behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendants, EL BODEGÓN GROCERY INC., d/b/a SUPERMERCADOS EL BODEGÓN GROCERY, a Florida corporation; and, MONIQUE'S FASHION, INC., a Florida corporation (sometimes collectively referred to as **"Defendants"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DENISE PAYNE, is an individual residing in Pompano Beach, Florida, in the County of Broward.

    2.    Defendant, EL BODEGÓN GROCERY INC., d/b/a SUPERMERCADOS EL BODEGÓN GROCERY, owns and operates a grocery store located at 4704 FOREST HILL BLVD., WEST PALM BEACH, FL 33415 (**"Grocery Store"**). Defendant, MONIQUE'S

FASHION, INC., owns and operates a retail store located at 4730 FOREST HILL BLVD., WEST PALM BEACH, FL 33415 (**"Retail Store"**). The Grocery Store and Retail Store are located in a retail shopping plaza generally located at 4678 FOREST HILL BLVD., WEST PALM BEACH, FL 33415, and are referred to as the **"Property."**

3.     Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendants' Property is located in and Defendants do business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181 *et seq. See also* 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff, DENISE PAYNE, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Ms. Payne has cerebral palsy and uses a wheelchair to ambulate. Ms. Payne has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Ms. Payne has visited the Property to avail herself of the grocery and retail shopping options offered to the public at the Property, and intends to do so again if the Property is made accessible. Ms. Payne lives in Pompano Beach, and regularly visits grocery and retail shopping establishments located throughout Broward County and Palm Beach County. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered her safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6.     Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The places of public

accommodation that the Defendants own, operate, lease or lease to are the grocery and retail shopping establishments known as SUPERMERCADOS EL BODEGÓN GROCERY and MONIQUE'S FASHION.

7. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' noncompliance with the ADA with respect to the Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit the Property, not only to avail herself of the retail and dining options available at the Property, but to assure herself that the Property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property (including the land and fixtures/building), as prohibited by 42 U.S.C. § 12182 *et seq.*

9. Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Ms. Payne has personally encountered include, but are not limited to:

**Parking**

a. The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

b.  The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

a.  The plaintiff had difficulty opening the door as the door pressure to operate the door was excessive. Violation: There are interior doors at several of the building with excessive force required for opening at the facility, in violation of Section 4.13.11 of the ADAAG, whose resolution is readily achievable.

b.  There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG, whose resolution is readily achievable.

c.  There are curb ramps at the facility that contain excessive flared side slopes in violation of Section 4.7.5 of the ADAAG, whose resolution is readily achievable.

d.  The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

e.  The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services**

a.  The plaintiff had difficulty using the dressing rooms as the required elements were not provided. Violation: The dressing rooms for public use at the facility are in violation of Section 4.35, whose resolution is readily achievable.

b.  The plaintiff could not reach some of the self-service dispensers as they mounted too high. Violation: There are self-service areas with dispensers whose controls are outside of the reach ranges prescribed in Section 4.2 of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

a.  The plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

    b. The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG, whose resolution is readily achievable.

    c. The plaintiff had difficulty using the toilet without assistance as it was mounted too far from the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

    d. The plaintiff had difficulty using the side grab bar as it was not mounted at the required location. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, whose resolution is readily achievable.

    e. The plaintiff could not exit the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG, whose resolution is readily achievable.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of Defendants' ADA violations. Plaintiff requires the inspection of Defendants' Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff (and all other individuals similarly situated) has been denied access to, and has been denied the benefits of services, programs and activities of Defendants' Property, and has otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff (and all others similarly situated) will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendants' Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11. Defendants have discriminated against Plaintiff (and all others similarly situated), by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendants continue to discriminate against Plaintiff (and all

*Payne v. El Bodegón Grocery, Inc., etc., et al.*
Case No.: _____

others similarly situated), by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Because Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendants.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendants to alter the Property and to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendants cures its violations of the ADA.

...

*Payne v. El Bodegón Grocery, Inc., etc., et al.*
Case No.: _____

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment determining that Defendants at the commencement of the subject lawsuit are in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b. Injunctive relief against Defendants including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this 9th day of August, 2015.

Respectfully submitted,

**ESPINOSA | JOMARRON**
*Counsel For The Disabled*
4300 Biscayne Boulevard, Suite 305
Miami, Florida 33137
Telephone:    (305) 717-7530
Facsimile:    (305) 717-7539
Primary e-mail: eservice@ejtrial.com
Secondary e-mail: tallison@ejtrial.com

*Payne v. El Bodegón Grocery, Inc., etc., et al.*
Case No.: _____

By: */s/ Thomas C. Allison*
Thomas Allison, Esq.
Florida Bar No. 35242

ESPINOSA | JOMARRON
TRIAL LAWYERS